FILED
02/03/2025
*Sara Smith*
CLERK
Flathead County District Court
STATE OF MONTANA
By: Prisha Quesada
DV-15-2025-0000175-DT
Sullivan, Paul
1.00

Adrienne M. Tranel
DATSOPOULOS, MacDONALD & LIND, P.C.
201 West Main Street, Suite 201
Central Square Bldg.
Missoula, Montana 59802
Telephone:    (406) 728-0810
Email: atranel@dmllaw.com; achambers@dmllaw.com
*Attorneys for Plaintiff*

## MONTANA ELEVENTH JUDICIAL DISTRICT COURT
## FLATHEAD COUNTY

| | |
|---|---|
| **LILIANA RAMIREZ**,<br><br>Plaintiff,<br><br>vs.<br><br>**CLARK NISSAN, LLC; CLARK HYUNDAI, LLC (collectively d/b/a "CAM CLARK AUTOMOTIVE GROUP"); DOES 1-5; and CORPORATE DOES 6-10,**<br><br>Defendants. | Cause No.:<br><br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff, Liliana Ramirez, by and through undersigned counsel, Adrienne M. Tranel, of the firm Datsopoulos, MacDonald & Lind, P.C., and for her Complaint and Demand for Jury Trial alleges as follows:

### PARTIES

1. At all times relevant, the Plaintiff, Liliana Ramirez, (hereinafter referred to as "Ms. Ramirez," or "Plaintiff") is and was a resident of Flathead County, Montana.

2. Defendant Clark Nissan LLC is a car dealership operating in Flathead County with a principal place of business at 2915 U.S. Highway 93 South, Kalispell, MT 59901-8640. For purposes of service of process, Defendant Clark Nissan

LLC has a registered agent at CT Corporation System, 3011 American Way, Missoula, MT 59808.

3.  Defendant Clark Hyundai LLC is a car dealership operating in Flathead County with a principal place of business at 2955 U.S. Highway 93 South, Kalispell, MT 59901-8640. For purposes of service of process, Clark Hyundai LLC has a registered agent at CT Corporation System, 3011 American Way, Missoula, MT 59808.

4.  Together, Defendant Clark Nissan LLC and Defendant Clark Hyundai LLC operate under the name of "Cam Clark Automotive Group," or "Cam Clark Auto Group," in the Kalispell, Montana, location. Cameron Clark operates both dealerships in the Cam Clark Auto Group.

5.  The two dealerships are adjacent to one another, just off Highway 93 South (*See* Google Street View, dated September 2019):



Both entities now bear the name "Clark" on each store front, as in this photo of Clark Nissan, posted on the world wide web and publicly available as of January 31, 2025:



Likewise, Clark Hyundai also bears the "Clark" name on the storefront, as evidenced in this photo found from the world wide web and publicly available as of January 31, 2025:



6.   The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants Does 1-5 and Corporate Does 6-10 are unknown to Plaintiff who, therefore, sues Defendants by fictitious names. Plaintiff is informed and believes that the Defendants so designated are any one of the following:

   a.   A party responsible in some manner for the events or incidents in this Complaint and, in some manner, caused the injuries and damages to Plaintiff;

b. A party that was the agent, servant, employee, and/or contractor of other Defendants, each of them acting within the course and scope of their agency, employment, contract;

c. A party that has assumed the liabilities of any of the Defendants by virtue of agreement, sale, transfer, or otherwise; and/or

d. A party that is a sub-entity of another named Defendant.

## JURISDICTION AND VENUE

7. Plaintiff re-alleges and re-affirms all allegations contained in the above paragraphs as if set forth herein.

8. At all times relevant hereto, Liliana Ramirez lived in Flathead County. As relevant to this Complaint, she was an employee of Defendant Clark Nissan LLC and Defendant Clark Hyundai LLC, d/b/a "Cam Clark Automotive Group," from June 2021 through November 2022.

9. Ms. Ramirez filed a Complaint of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and obtained a notice of right to sue in this Honorable Court.

10. By virtue of the location of the incidents at issue in this matter and the laws of the State of Montana, an action to recover damages is governed by the laws of the State of Montana and federal law.

11. Venue and Jurisdiction are proper in this Honorable Court.

12. This matter concerns the following adverse employment actions: (1) Cam Clark Auto Group's failure to promote Ms. Ramirez in June 2022; (2) Cam Clark Auto Group's failure to promote Ms. Ramirez in October 2022; and (3) Ms. Ramirez's

involuntary termination/ constructive discharge in November 2022 from Cam Clark Auto Group.

13. These adverse employment actions were violations of (1) Title VII of the Civil Rights Act of 1964 ("Title VII"), codified at 42 U.S.C. §§2000e-2, 2000e-3, and 42 U.S.C. §1981, and the accompanying anti-retaliation provisions; (2) the Montana Human Rights Act ("MHRA"), codified at Mont. Code Ann. §§ 49-2-101 and 49-2-303 *et seq.* and its attendant anti-retaliation provisions; and (3) Montana state law.

## FACTS COMMON TO ALL COUNTS

14. Plaintiff re-alleges and re-affirms all allegations contained in the above paragraphs as if set forth herein.

15. Ms. Ramirez is a Hispanic woman of Mexican descent; she has brown skin and brown hair. She is a member of protected classes based on her race, national origin, color, and gender.

16. On or about June 21, 2021, Cam Clark Automotive Group hired Ms. Ramirez to fulfill the position of "Wash/Rental" for both Clark Nissan and Clark Hyundai. Ms. Ramirez began working in this position on June 22, 2022. Ms. Ramirez earned approximately $15.50/hour as a Wash/Rental associate.

17. On or about August 4, 2021, Cam Clark Auto Group promoted Ms. Ramirez to Wash/Bay and Merchandising. She assumed the new title of Merchandise Manager and her hourly rate increased to $16.50/hour. The following picture was publicly posted on the world wide web by Cam Clark Auto Group regarding work Ms. Ramirez had done:



LILLY RAMIREZ

Merchandise Manager

18. With over 20 dealerships and car service locations stretching across Alberta, British Columbia, Washington, Montana, and California, the Cam Clark Auto Group is an industry leader in providing outstanding customer experience since 1987, while also striving to offer an amazing employee experience as well.

19. Employees at Cam Clark Auto Group can look forward to a rewarding pay plan and industry-leading commission structure along with Paid Vacation Time and Extended Health Benefits. Cam Clark Auto Group also provides training and personal development programs to help employees grow their career.

20. In offering an amazing employee experience, Joshua Brandenburg (white, male), a Used Car Sales Manager, regularly referred to people around him as "faggots."

21. Also in the advertised amazing employee experience, Brittlee Veal (white, male), a General Sales Manager, regularly referred to other employees with the "n" word.

22. Throughout the workplace, employees implied that the inferior jobs were for Mexicans and made comments such as "cleaning jobs are for Mexicans."

23. Ms. Ramirez's colleagues and supervisors knew that she is Mexican and that she speaks Spanish. In fact, they assigned her work on occasion because of her ability to speak Spanish.

24. In June 2022, Cam Clark Auto Group was looking to fill the position of Used Car Sales Manager.

25. Based on Ms. Ramirez's position, time at the company, and experience, she was the obvious choice for promotion.

26. Nonetheless, Cam Clark selected Joshua Brandenburg and promoted him to the Used Car Sales Manager position on July 1, 2022.

27. At the time, Audrey Knight (white, female), the General Sales Manager, acknowledged that Ms. Ramirez possessed 60% of the required knowledge while Mr. Brandenburg had only 40% of the required knowledge for the position.

28. Ms. Ramirez was more qualified than Mr. Brandenburg for the position of Used Car Sales Manager.

29. Cam Clark claims that prior to Mr. Brandenburg's promotion, he held the position of Sales Consultant for one year and three months.

30. However, Ms. Ramirez had been employed at Cam Clark Auto Group for one year and had been in the position of Merchandise Manager for almost one year.

31. Therefore, Mr. Brandenburg and Ms. Ramirez held an equivalent amount of time in their position at Cam Clark prior to the Used Car Sales Manager selection on July 1, 2022.

32. Cam Clark further claims that Mr. Brandenburg held a supervisory position at Ranch at Rock Creek, which Cam Clark claims "proves" he had previous supervisory experience.

33. However, prior to working for Cam Clark Auto Group, Ms. Ramirez worked for TTEC, where she was a Consumer Credit Card Manager. Ms. Ramirez identified this position in her resume submitted to Cam Clark in June 2021. Like Mr. Brandenburg, Ms. Ramirez had previous supervisory experience.

34. In her position as Merchandise Manager, Ms. Ramirez worked directly for the Used Car Sales Manager and knew the position well. In fact, after selecting Mr. Brandenburg for the position, Ms. Knight advised Ms. Ramirez that she would like Ms. Ramirez to serve as back-up, in case Mr. Brandenburg was on vacation or out sick.

35. In August 2022, Ms. Ramirez did perform the duties and responsibilities of the Used Car Sales Manager position for two weeks while Mr. Brandenburg was out.

36. In early October 2022, three Sales Managers abruptly left their positions at Cam Clark Auto Group, including General Sales Manager Courtney Beymer, Clark Nissan Sales Manager Jonathan Santiago, and Clark Hyundai Sales

Manager Justin Smith. This exodus created three major vacancies at the dealerships as of October 17, 2022.

37. On or about October 21, 2022, Ms. Ramirez was again denied a promotion to the position of Used Car Sales Manager. Without advertising the position or announcing the opening, Ms. Knight moved Ryan Dropps (white, male) up to the Manager position, who had previously been a subordinate to Ms. Ramirez. With the promotion, Mr. Dropps would now supervise Ms. Ramirez.

38. In not being promoted to the Used Car Sales Manager position, Ms. Ramirez lost out on a salary increase from approximately $41,600/year as a Merchandise Manager to an average of $71,186/year as a Used Car Sales Manager.

39. In addition, the lost promotion caused Ms. Ramirez professional and financial harm because she could have advanced to other positions sooner and earned more, sooner. The failure to promote Ms. Ramirez meant that she lost out on career advancement and financial remuneration and was therefore lagging where she would have been professionally and financially, had she been promoted.

40. Furthermore, Ms. Ramirez lost out on professional development like travel, training, and leadership opportunities.

41. The missed promotion also caused Ms. Ramirez to lose out on benefits such as health insurance, increased retirement contributions, and bonuses.

42. Other evidence of discrimination occurred during October 2022 when Ms. Ramirez was excluded from important management meetings in which she

should have participated as the Merchandise Manager. For example, Cam Clark Auto Group planned an all-staff meeting of which Ms. Ramirez was not notified. She only learned of the meeting when she saw all the employees gathering. During that all-staff meeting, major staffing changes were announced and yet Cam Clark Auto Group obviously had no prior intent to include Ms. Ramirez. No other employee was treated in the same manner.

43. Also during October 2022, Ms. Ramirez had planned with Nicole Davis, the HR Coordinator for Clark Nissan and Clark Hyundai, to be away for surgery. Ms. Ramirez worked until October 21, 2022, and returned to work on November 7, 2022, as planned.

44. When Ms. Ramirez returned to the workplace on November 7, 2022, she entered the building and saw that the indoor photo booth near her work area had been completely removed. Ms. Ramirez had not received any notification that this action was going to happen, and she did not consent to this action.

45. Using the indoor photo booth was a large part of Ms. Ramirez's job. At the photo booth, Ms. Ramirez photographed every single vehicle, both used and new, for both dealerships. Ms. Ramirez photographed all inventory, inside and out, at the photo booth and when vehicles were ready for sale. These photos were then used to display vehicles on the website, which served to bring in business and display merchandise.

46. Ms. Ramirez's supervisor, General Manager Audrey Knight, instructed Ms. Ramirez to take photos outside in the below-freezing temperatures. No other employee was instructed to perform their work outside.

47. On or about November 19, 2022, Ms. Ramirez and three other employees –
including Sales Consultant Jackson Barrett (African-American, black),
Finance Manager Mike Saack, and Human Resource Director Nicole Davis –
attended a video conference meeting via Microsoft Teams with HR Operations
Manager Leila Manalili.

48. In that meeting, Ms. Ramirez reported concerns about the racially-charged
work environment, racial slurs, and sexual orientation slurs.

49. Sales Consultant Jackson Barrett reported during that meeting that Mr. Veal
called him the N-word.

50. Finance Manager Mike Saack also reported observations of racism in the
workplace at Cam Clark Auto Group.

51. In addition to the reports of discrimination, during the November 19th meeting,
Ms. Manalili admitted that General Manager Audrey Knight was not an equal
employment opportunity employer when Ms. Knight promoted only white
males.

52. Although that Teams meeting on November 19, 2022, was recorded, Cam Clark
Auto Group has subsequently declared that it cannot locate the recording and
no longer has the recording in its possession.

53. Upon information and belief, Cam Clark Auto Group intentionally destroyed
the Teams recording in order to cover up evidence that the workplace was
rampant with discrimination of all forms and in order to cover up evidence that
Ms. Ramirez reported discrimination in the workplace.

54. Although Ms. Ramirez and her colleagues reported the racial and sexual-orientation slurs, the slurs only continued, demonstrating the lack of action by any management official.

55. Although Cam Clark Auto Group received supporting statements from other employees of Ms. Ramirez's claim towards Brittlee Veal, Cam Clark Auto Group took no immediate action with respect to Mr. Veal.

56. Based on this environment, and having no choice but to leave her employment under the circumstances, Ms. Ramirez involuntarily left her employment on or about November 30, 2022.

57. Ms. Ramirez sent an e-mail on November 30, 2022, to Leila Manalili, Blake Clark (Cam Clark's son and CEO), Ryan Dropps (Used Car Sales Manager, direct supervisor) and Victoria Johnson (HR Coordinator for Clark Nissan and Clark Hyundai), Caleb Henriod (payroll), and Nicole Davis, stating that she could no longer continue to work for Cam Clark Auto Group. The text of Ms. Ramirez's email is as follows:

> "To whom it may concern,
>
> Today will be my last day.
>
> I spoke with Leila Manalili on Saturday, November 19th, 2022, on a recorded video conference call. I explained there has been a hostile work environment, reported racism & non-equal opportunity employment. Leila confirmed Cam Clark Auto Group is aware of these working conditions, yet this behavior of harassment & racism towards non-white employees has continued. The people responsible are still here. I don't believe this toxic work-culture is good for me. As long as these dealerships openly employ a racist GSM Brittle Veal, a homophobic Sales Manager named Joshua Brandenburg & a Non-Equal Opportunity Employer General Manager named Audrey Knight, I cannot continue to work for Cam Clark Automotive Group.
>
> Normally, I would provide a two-week notice, as I have for all of my previous employers. I can no longer face this toxic environment on a daily basis. This hostile work environment is out of control. I will come back to pick up my final check (including 8 hours Holiday Pay for Thanksgiving) & return my shirts then, please let me know when is a good time.
>
> Thanks,
>
> ~Liliana Ramirez

58. While Ms. Ramirez was employed at Cam Clark Auto Group, she was never notified, neither verbally nor in writing, of any allegation of poor performance.

59. Cam Clark Automotive Group terminated Mr. Veal's employment on December 16, 2022, only *after* Ms. Ramirez was forced out of her job.

60. On July 10, 2023, Ms. Ramirez filed a complaint of discrimination with the Equal Employment Opportunity Commission ("EEOC").

61. Only after Ms. Ramirez filed an EEOC Complaint did Cam Clark Auto Group investigate the work environment that led to Ms. Ramirez's involuntary termination.

62. In responding to Ms. Ramirez's Complaint of Discrimination, on or about August 18, 2023, Cam Clark Auto Group interviewed Mr. Brandenburg, who admitted to making inappropriate comments during his employment.

COMPLAINT AND DEMAND FOR JURY TRIAL
13

63. In that interview, Mr. Brandenburg admitted that he was aware the Ms. Ramirez was interested in applying for the Sales Manager Position.

64. In that interview, Mr. Brandenburg claimed that Ms. Ramirez had poor performance in her prior position as Merchandising Manager.

65. Prior to being confronted with an allegation of workplace discrimination, Mr. Brandenburg never documented his alleged concerns regarding Ms. Ramirez's performance and never raised those alleged concerns to his supervisors at the time.

66. Cam Clark Auto Group provided the above information to the EEOC in response to Ms. Ramirez's complaint of discrimination. Cam Clark Auto Group filed its response on or about September 19, 2023.

67. Cam Clark Auto Group has never reinstated, nor offered to reinstate, Ms. Ramirez to her position of employment or to the superior position of Used Car Sales Manager.

68. Ms. Ramirez was, and still is, able to complete all the duties and responsibilities assigned to a Merchandise Manager and/or a Used Car Sales Manager.

69. Since being constructively discharged from Cam Clark Auto Group, Ms. Ramirez sought and obtained employment at Kalispell Auto Group – Toyota, where she earned approximately $47,000/year.

70. Currently, Ms. Ramirez is a part-owner and partner of Glacier Grand Cleaners.

71. Ms. Ramirez has reason to believe that Cam Clark Auto Group discriminated against her based on her race, national origin, color, and gender.

72. In addition, Ms. Ramirez has reason to believe that Cam Clark Auto Group retaliated against her for engaging in protected activity and reporting discrimination in the workplace.

73. As a result, Ms. Ramirez suffered damages in the form of lost wages (both past and future), lost benefits, emotional distress, attorney fees and costs, pre- and post-judgment interest, loss of professional reputation, and any other damages in an amount to be proven at trial.

**COUNT I**
**DISCRIMINATION IN VIOLATION OF TITLE VII**
**(FAILURE TO PROMOTE JULY 2022)**

74. Plaintiff re-alleges and re-affirms all allegations contained in the above paragraphs as if set forth herein.

75. At all times relevant to this Complaint, Ms. Ramirez was/is a member of protected classes under Title VII based on her race (Latina/ Hispanic), national origin (Mexican), color (brown) and gender (female).

76. Title VII of the Civil Rights Act of 1964, as amended, prohibits an employer from discriminating "against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. §2000e-2(a)(1).

77. The failure to promote an individual because of her race, color, sex, and national origin impacts the terms, conditions, or privileges of employment. *Id.*

78. Cam Clark Auto Group did not promote Ms. Ramirez on July 1, 2022, to the position of Used Car Sales Manager.

79. Instead, Cam Clark Auto Group selected Joshua Brandenburg (white, male) to the position.

80. Ms. Ramirez was more qualified than Mr. Brandenburg for the Used Car Sales Manager position.

81. Similarly situated persons not in Ms. Ramirez's protected class(es) were treated more favorably.

82. Cam Clark Auto Group does not have a legitimate reason for failing to promote Ms. Ramirez.  Even if it had, such reasons would further support the pretext of discrimination.

83. Cam Clark Auto Group did not promote Ms. Ramirez to the Used Car Sales Manager position because of her race, national origin, color, and/or gender.

84. Cam Clark Auto Group discriminated against Ms. Ramirez.

85. The discrimination has caused Ms. Ramirez to lose past and future wages and other benefits.

86. The discrimination has also caused Ms. Ramirez anxiety, stress, fear, depression, emotional distress, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and loss of reputation.

87. Cam Clark Auto Group's discriminatory practices have also caused Ms. Ramirez to incur attorney's fees and costs in order to rectify the wrong that has been done.

## COUNT II
## DISCRIMINATION IN VIOLATION OF
## THE MONTANA HUMAN RIGHTS ACT
## (FAILURE TO PROMOTE JULY 2022)

88. Plaintiff re-alleges and re-affirms all allegations contained in the above paragraphs as if set forth herein.

89. At all times relevant to this Complaint, Ms. Ramirez was/is a member of protected classes under the MHRA based on her race (Latina/ Hispanic), national origin (Mexican), color (brown) and gender (female).

90. The Montana Human Rights Act prohibits an employer from discriminating "against a person in compensation or in a term, condition, or privilege of employment because of race, creed, religion, color, or national origin or because of…sex when the reasonable demands of the position do not require [a]…sex distinction." Mont. Code Ann. §49-303(1)(a).

91. The failure to promote an individual because of her race, color, sex, and national origin impacts the terms, conditions, or privileges of employment. *Id.*

92. Cam Clark Auto Group did not promote Ms. Ramirez on July 1, 2022, to the position of Used Car Sales Manager.

93. Instead, Cam Clark Auto Group selected Joshua Brandenburg (white, male) to the position.

94. Ms. Ramirez was more qualified than Mr. Brandenburg for the Used Car Sales Manager position.

95. Similarly situated persons not in Ms. Ramirez's protected class(es) were treated more favorably.

96. Cam Clark Auto Group does not have a legitimate reason for failing to promote Ms. Ramirez.  Even if it had, such reasons would further support the pretext of discrimination.

97. Cam Clark Auto Group did not promote Ms. Ramirez to the Used Car Sales Manager position because of her race, national origin, color, and/or gender.

98. Cam Clark Auto Group discriminated against Ms. Ramirez.

99. The discrimination has caused Ms. Ramirez to lose past and future wages and other benefits.

100.    The discrimination has also caused Ms. Ramirez anxiety, stress, fear, depression, emotional distress, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and loss of reputation.

101.    Cam Clark Auto Group's discriminatory practices have also caused Ms. Ramirez to incur attorney's fees and costs in order to rectify the wrong that has been done.

## COUNT III
## DISCRIMINATION IN VIOLATION OF TITLE VII
## (FAILURE TO PROMOTE OCTOBER 2022)

102.    Plaintiff re-alleges and re-affirms all allegations contained in the above paragraphs as if set forth herein.

103.    At all times relevant to this Complaint, Ms. Ramirez was/is a member of protected classes under Title VII based on her race (Latina/ Hispanic), national origin (Mexican), color (brown) and gender (female).

104.    Title VII of the Civil Rights Act of 1964, as amended, prohibits an employer from discriminating "against any individual with respect to [her]

compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. §2000e-2(a)(1).

105.    The failure to promote an individual because of her race, color, sex, and national origin impacts the terms, conditions, or privileges of employment. *Id.*

106.    Cam Clark Auto Group did not promote Ms. Ramirez in October 2022 to the position of Used Car Sales Manager position.

107.    Instead, Cam Clark Auto Group selected Ryan Dropps (white, male) to the position without advertising or announcing the position and providing an equal opportunity for other employees to be considered for the position.

108.    Ms. Ramirez was more qualified than Mr. Dropps for the Used Car Sales Manager position.

109.    Similarly-situated persons not in Ms. Ramirez's protected class(es) were treated more favorably.

110.    Cam Clark Auto Group does not have a legitimate reason for failing to promote Ms. Ramirez.  Even if it had, such reasons would further support the pretext of discrimination.

111.    Cam Clark Auto Group did not promote Ms. Ramirez to the Used Car Sales Manager position because of her race, national origin, color, and/or gender.

112.    Cam Clark Auto Group discriminated against Ms. Ramirez.

113.    The discrimination has caused Ms. Ramirez to lose past and future wages and other benefits.

114.    The discrimination has also caused Ms. Ramirez anxiety, stress, fear, depression, emotional distress, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and loss of reputation.

115.    Cam Clark Auto Group's discriminatory practices have also caused Ms. Ramirez to incur attorney's fees and costs in order to rectify the wrong that has been done.

## COUNT IV
## DISCRIMINATION IN VIOLATION OF THE
## MONTANA HUMAN RIGHTS ACT
## (FAILURE TO PROMOTE OCTOBER 2022)

116.    Plaintiff re-alleges and re-affirms all allegations contained in the above paragraphs as if set forth herein.

117.    At all times relevant to this Complaint, Ms. Ramirez was/is a member of protected classes under the MHRA based on her race (Latina/ Hispanic), national origin (Mexican), color (brown) and gender (female).

118.    The Montana Human Rights Act prohibits an employer from discriminating "against a person in compensation or in a term, condition, or privilege of employment because of race, creed, religion, color, or national origin or because of…sex when the reasonable demands of the position do not require [a]…sex distinction." Mont. Code Ann. §49-303(1)(a).

119.    The failure to promote an individual because of her race, color, sex, and national origin impacts the terms, conditions, or privileges of employment. *Id.*

120.    Cam Clark Auto Group did not promote Ms. Ramirez in October 2022, to the position of Used Car Sales Manager position.

121.    Instead, Cam Clark Auto Group selected Ryan Dropps (white, male) to the position without advertising or announcing the position and providing an equal opportunity for other employees to be considered for the position.

122.    Ms. Ramirez was more qualified than Mr. Dropps for the Used Car Sales Manager position.

123.    Similarly situated persons not in Ms. Ramirez's protected class(es) were treated more favorably.

124.    Cam Clark Auto Group does not have a legitimate reason for failing to promote Ms. Ramirez.  Even if it had, such reasons would further support the pretext of discrimination.

125.    Cam Clark Auto Group did not promote Ms. Ramirez to the Used Car Sales Manager position because of her race, national origin, color, and/or gender.

126.    Cam Clark Auto Group discriminated against Ms. Ramirez.

127.    The discrimination has caused Ms. Ramirez to lose past and future wages and other benefits.

128.    The discrimination has also caused Ms. Ramirez anxiety, stress, fear, depression, emotional distress, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and loss of reputation.

129.    Cam Clark Auto Group's discriminatory practices have also caused Ms. Ramirez to incur attorney's fees and costs in order to rectify the wrong that has been done.

## COUNT V
## DISCRIMINATION AND RETALIATION IN VIOLATION OF TITLE VII
## (CONSTRUCTIVE DISCHARGE)

130.    Plaintiff re-alleges and re-affirms all allegations contained in the above paragraphs as if set forth herein.

131.    At all times relevant to this Complaint, Ms. Ramirez was/is a member of protected classes under Title VII based on her race (Latina/ Hispanic), national origin (Mexican), color (brown) and gender (female).

132.    Title VII of the Civil Rights Act of 1964, as amended, prohibits an employer from discriminating "against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. §2000e-2(a)(1).

133.    Title VII also carries an anti-retaliation provision and protects those individuals who oppose discriminatory practices in the workplace and/or participate in any proceeding alleging discrimination. "It shall be an unlawful employment practice for an employer to discriminate against any of his employees…because [she] has opposed any practice made an unlawful employment practice by this title, or because [she] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this title." 42 U.S.C. §2000e-3(a).

134.    Ms. Ramirez opposed the discriminatory practices of her employer when she reported the acts to Human Resources on November 19, 2022. Likewise, Ms. Ramirez participated in protected activity when she complained of the

discriminatory acts of her employer to Human Resources on November 19, 2022.

135.    For purposes of Title VII, "[a] constructive discharge occurs when a person quits [her] job under circumstances in which a reasonable person would feel that the conditions of employment have become intolerable." *Lawson v. Washington*, 296 F.3d 799, 805 (9th Cir. 2002) (emphasis omitted).

136.    Ms. Ramirez's working conditions deteriorated, "as a result of discrimination, to the point that they [became] sufficiently extraordinary and egregious to overcome the normal motivation of a competent, diligent, and reasonable employee to remain on the job to earn a livelihood and to serve his or her employer." *Brooks v. City of San Mateo*, 229 F.3d 917, 930 (9th Cir. 2000).

137.    Similarly-situated persons not in Ms. Ramirez's protected class(es) were treated more favorably.

138.    The conditions of Ms. Ramirez's employment were a result of her race, national origin, color, and/or gender.

139.    Cam Clark Auto Group discriminated against Ms. Ramirez.

140.    The conditions of Ms. Ramirez's employment were also the result of her opposition to discriminatory practices and/or her participation in reporting discriminatory conduct.

141.    Cam Clark Auto Group retaliated against Ms. Ramirez.

142.    The conditions of employment became so intolerable that Ms. Ramirez had no choice but to leave the job.

143.     The discrimination has caused Ms. Ramirez to lose past and future wages and other benefits.

144.     The discrimination has also caused Ms. Ramirez anxiety, stress, fear, depression, emotional distress, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and loss of reputation.

145.     The discrimination has also caused Ms. Ramirez to incur attorney's fees and costs in order to rectify the wrong that has been done.

**COUNT VI**
**DISCRIMINATION AND RETALIATION IN VIOLATION OF THE**
**MONTANA HUMAN RIGHTS ACT**
**(CONSTRUCTIVE DISCHARGE)**

146.      Plaintiff re-alleges and re-affirms all allegations contained in the above paragraphs as if set forth herein.

147.     At all times relevant to this Complaint, Ms. Ramirez was/is a member of protected classes under the MHRA based on her race (Latina/ Hispanic), national origin (Mexican), color (brown) and gender (female).

148.     The Montana Human Rights Act prohibits an employer from discriminating "against a person in compensation or in a term, condition, or privilege of employment because of race, creed, religion, color, or national origin or because of…sex when the reasonable demands of the position do not require [a]…sex distinction." Mont. Code Ann. §49-303(1)(a).

149.     The Montana Human Rights Act also prohibits an employer from discriminating "against an individual because the individual has opposed any practices forbidden under this chapter or because the individual has filed a

complaint, testified, assisted, or participated in any manner in an investigation or proceeding under this chapter." Mont. Code Ann. §49-2-301.

150.     Ms. Ramirez opposed the discriminatory practices of her employer when she reported the acts to Human Resources on November 19, 2022. Likewise, Ms. Ramirez participated in protected activity when she complained of the discriminatory acts of her employer to Human Resources on November 19, 2022.

151.     In Montana, "'constructive discharge' means the voluntary termination of employment by an employee because of a situation created by an act or omission of the employer which an objective, reasonable person would find so intolerable that voluntary termination is the only reasonable alternative." Mont. Code Ann. §39-2-303(1).

152.     Similarly-situated persons not in Ms. Ramirez's protected class(es) were treated more favorably.

153.     The conditions of Ms. Ramirez's employment were a result of her race, national origin, color, and/or gender.

154.     Cam Clark Auto Group discriminated against Ms. Ramirez.

155.     The conditions of Ms. Ramirez's employment were also the result of her opposition to discriminatory practices and/or her participation in reporting discriminatory conduct.

156.     Cam Clark Auto Group retaliated against Ms. Ramirez.

157.     The conditions of employment became so intolerable that Ms. Ramirez had no choice but to leave the job.

158.    The discrimination has caused Ms. Ramirez to lose past and future wages and other benefits.

159.    The discrimination has also caused Ms. Ramirez anxiety, stress, fear, depression, emotional distress, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and loss of reputation.

160.    The discrimination has also caused Ms. Ramirez to incur attorney's fees and costs in order to rectify the wrong that has been done.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Ramirez should be awarded damages for:

1. Past and future lost wages and the value of benefits that she would have earned but for the failure to promote her in July 2022;

2. Past and future lost wages and the value of benefits that she would have earned but for the failure to promote her in October 2022;

3. Past and future lost wages and the value of benefits that she would have earned but for her constructive discharge in November 2022;

4. Compensatory damages for emotional distress, anxiety, fear, humiliation and all other available damages under state and federal law;

5. An award of attorney's fees and costs;

6. Interest; and

7. Such further relief as deemed just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in the above cause and on all issues so triable.

COMPLAINT AND DEMAND FOR JURY TRIAL

DATED this 2nd day of February, 2025.

DATSOPOULOS, MacDONALD & LIND, P.C.

_____
Adrienne M. Tranel, Esq.
*Attorneys for Plaintiff*